Boos v. White.

## C. A. Boos v. A. S. White.

1. IMPRISONMENT FOR DEBT—*Jury Trial—Waiver.*—No person can be imprisoned for the non-payment of a fine or judgment except upon the conviction of a jury, unless such trial by jury is waived by the execution of a formal waiver in writing (fines inflicted for contempt of court excepted).

2. SAME—*Construction of Statutes.*—Section 12, of article 18, chapter 79, R. S., entitled " Justices and Constables" (act of 1895), does not apply to arrests under the provisions of section 4 of article 11 of the same chapter. The execution issued under section 4 is because of something done subsequent to the judgment.

3. SAME—*Defendant Entitled to a Jury Trial upon Allegations of the Affidavit for a Capias.*—Where an affidavit is filed under section 4, article 11, chapter 79, R. S., entitled " Justices and Constables" (act of 1895), setting up matters accruing subsequent to the judgment for the issuing of an execution against the body, the defendant is entitled to a trial by jury upon such matters.

**Proceedings Against Insolvent Debtors.**—Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in this court at the March term, 1896. Reversed and remanded. Opinion filed April 27, 1896.

### STATEMENT OF THE CASE.

Upon petition filed in the County Court under the insolvent debtors' act, that court discharged the petitioner, he having been arrested on a ca. sa. issued upon a judgment rendered by a justice of the peace, which ca. sa. was issued by virtue of an affidavit, made in pursuance of section 4, article 11, of an act in relation to justices of the peace, Laws of 1895, page 214.

The County Court discharged the defendant in execution, for the reason that the judgment on which the execution was issued was rendered without the verdict of a jury, and without a waiver of jury, the County Court holding that in all cases, a verdict of a jury or a waiver thereof is necessary before a ca. sa. can issue. The contention of the appellant is that the provision of the statute, section 12, page 224, Laws of 1895, refers only to imprisonment for non-payment

of a fine or judgment when the ca. sa. is issued by virtue of the judgment alone, and has no application to those cases where a ca. sa. is issued, in pursuance of said section 4, by virtue of an affidavit charging a refusal to surrender goods on execution, or that debtor has fraudulently conveyed or concealed his goods. No other question was raised, and there is none other involved in this appeal.

LEMMA & COPE, attorneys for appellant.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Section 12 of article 18 (p. 224, Laws of 1895), Hurd's Statutes 1895, 973, is as follows:

"No person shall be imprisoned for non-payment of a fine or a judgment in any civil, criminal, quasi criminal, or *qui tam* action, except upon conviction by a jury; *provided*, that the defendant or defendants in any such action may waive a jury trial by executing a formal waiver, in writing, and when such waiver of jury is made, imprisonment may follow the judgment of the court without conviction by the jury. This section shall not apply to fines inflicted for contempt of court."

Section 4 of article 11 (p. 214 of Laws of 1895), Hurd's Statutes 1895, 966, is as follows:

"When the judgment creditor is not entitled to an execution against the body of the defendant, under the preceding section, if upon the return of an execution against the goods and chattels of the defendant unsatisfied in whole or in part, the judgment creditor, or his agent or attorney, shall file with the justice of the peace from whom the execution issued, an affidavit, stating that demand has been made upon the debtor for the surrender of his money, goods and chattels for the satisfaction of such execution, and that he verily believes that such debtor has moneys, goods and chattels not exempt from execution, which he unjustly refuses to surrender, or that since the debt was contracted, or the cause of action accrued, the debtor has fraudulently conveyed,

concealed, or otherwise disposed of some part of his moneys, goods and chattels, with a design to secure the same to his own use or defraud his creditors; and also setting forth, upon his knowledge, information or belief, in either case, the facts showing that such belief is well founded—such justice of the peace, if he shall be satisfied that the facts so set forth justify such belief, shall issue an execution against the body of the judgment debtor."

Section 12 of article 18 does not apply to arrests under the provisions of section 4 of the statute concerning justices and constables. The execution under section 4 is because of something done subsequent to the judgment. Whether the allegations in the affidavit, upon which the execution is issued, are true, is a matter upon which the defendant is entitled to a hearing and a jury trial. The imprisonment can not be continued except under the verdict of a jury.

The judgment of the County Court is reversed and the cause remanded.